UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

           v.

JAVIER MENDOZA,

                Defendant.

No. CR-04-2056-FVS

ORDER

**THIS MATTER** comes before the Court based upon the defendant's motion to vacate the judgment. He is representing himself. The government is represented by Assistant United States Attorney Earl A. Hicks.

**BACKGROUND**

On August 11, 2004, the government filed a "Third Superseding Indictment." The defendant was named in Count 1 (conspiracy), Counts 2 and 3 (distribution of methamphetamine), and Count 4 (possession with intent to distribute methamphetamine). On October 26, 2004, the government filed an "Information to Establish Prior Conviction." The Information alleged the existence of two prior felony drug offenses. The Information further alleged that, given these convictions, the defendant faced a mandatory sentence of life imprisonment. On November 8, 2004, the defendant pleaded guilty to Count 1 (conspiracy) and Count 4 (possession with intent to distribute methamphetamine).

ORDER - 1

The Plea Agreement contains a lengthy recitation of the facts admitted by the defendant.  *Id.* at 5-12.  The defendant was sentenced to a term of 20 years imprisonment on March 9, 2005.  The judgment was entered on March 14, 2005.  The defendant did not appeal.  Thus, the judgment became final on March 28th.  *See* Fed.R.App.P. 4(b)(1)(A)(i) (the defendant must file a notice of appeal within ten days of entry of judgment); Fed.R.App.P. 26(a)(2) (intermediate Saturdays and Sundays are excluded from the computation of a deadline when the period is less than eleven days).  On March 27, 2006, the defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255.

**JURISDICTION AND VENUE**

The defendant claims counsel was ineffective because he failed to argue that the Court lacked jurisdiction and that venue was improper. He is mistaken.  To begin with, since he was charged with violations of federal law, the Court had jurisdiction.  18 U.S.C. § 3231 ("district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States").  Furthermore, since he both delivered and possessed methamphetamine within the Eastern District of Washington, venue was proper.  Fed.R.Crim.P. 18 ("the prosecution shall be had in a district in which the offense was committed").  *See also* 18 U.S.C. § 3232 (venue governed by Rule 18).[1]

---

[1]By pleading guilty, he arguably waived any objection to being prosecuted in this district.  *See United States v. Reyes-Platero*, 224 F.3d 1112, 1114-15 (9th Cir.2000), *cert. denied*, 531 U.S. 1117, 121 S.Ct. 868, 148 L.Ed.2d 780 (2001).  In any event,

ORDER - 2

**GOVERNMENT'S DECISION TO ABANDON CONSPIRACY COUNT**

At the pretrial conference on October 8, 2004, the government noted that some of the defendant's codefendants had pleaded guilty. (Verbatim Report of Proceedings, at 9.)  The government announced that, if the defendant proceeded to trial, it would abandon the conspiracy charge and focus on the remaining charges against him.  *Id*. The defendant alleges his attorney did not inform him of the government's intentions before he pleaded guilty to the conspiracy charge.  It is unclear whether he is correct.  However, even if he is, he was on notice of the government's intentions.  Not only was he present at the pretrial conference that was held on October 8, 2004, but also he was present at another pretrial conference that was held on October 28, 2004.  Once again, the government reiterated its intentions; advising all present that it intended to seek dismissal of the conspiracy charge on the first day of trial.  (Minute Entry for October 28, 2004.)

**ADEQUACY OF INVESTIGATION**

The defendant claims his attorney failed to conduct an adequate investigation with respect to whether he participated in the conspiracy alleged in Count 1.  The defendant insists that, had his attorney informed him of the weakness of the government's conspiracy charge, he would have rejected the plea agreement and gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (habeas petitioner must establish by a reasonable

he now concedes that venue was proper.

ORDER - 3

probability that he would have exercised his right to trial by jury but for his attorney's alleged errors).

Perhaps the defendant is correct in asserting he would have gone to trial; but he is not entitled to habeas relief based upon his attorney's alleged failure to conduct an adequate investigation. As explained above, the government would have sought dismissal of Count 1 had the defendant rejected the plea agreement. It is Counts 2-4 that the government would have litigated.

Count 2 allegedly occurred on October 8, 2003. The government was prepared to offer evidence that the defendant delivered 111 grams of a substance containing methamphetamine (57.8 grams of pure methamphetamine). (Plea Agreement, at 6.) Count 3 allegedly occurred on October 29, 2003. The government was prepared to offer evidence that he delivered 113 grams of a substance containing methamphetamine (52.2 grams of pure methamphetamine). *Id.* Count 4 occurred on March 2, 2004. The government was prepared to offer evidence that, at the time of his arrest, the defendant was carrying 440 grams of a substance containing methamphetamine (317 grams of pure methamphetamine). *Id.* at 9.[2]

The defendant acknowledges that the government could have presented convincing evidence in support of each count. *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986) (the strength of government's case must be considered in assessing an inadequate-

___

[2]An additional quantity of methamphetamine was located in a nearby motel room. (Plea Agreement, at 9.)

ORDER - 4

investigation claim).  Thus, had the defendant gone to trial, he likely would have been convicted on one or more of the remaining counts.  A conviction would have had profound consequences given the defendant's two prior felony drug offenses.  In all probability, the Court would have sentenced him to imprisonment for life.  18 U.S.C. § 841(b)(1)(A)(viii).

Both the defendant and his attorney were aware of this contingency.  (Plea Agreement, ¶ 11, at 15.)  Against this backdrop, there is no reason to think the defendant's attorney would have offered different advice had he conducted a more thorough investigation with respect to the defendant's participation in the conspiracy.  *See Lambert v. Blodgett*, 393 F.3d 943, 982 (9th Cir.2004) ("Where the alleged error is counsel's failure to investigate a potential defense, the salient inquiry is whether 'discovery of the evidence would have led counsel to change his recommendation as to the plea.'" (quoting *Hill*, 474 U.S. at 59, 106 S.Ct. at 370)).

The defendant's attorney knew that the government was going to seek dismissal of the conspiracy charge if the defendant rejected the plea agreement.  Consequently, it was not Count 1, but Counts 2-4, that posed a risk for the defendant; and a grave risk it was.  Fully appreciating the gravity of the risk, the defendant's attorney entered into negotiations with the government.  He was able to secure significant concessions.  In exchange for the defendant's pleas of guilty to Counts 1 and 4, the government agreed to give up any effort to seek a sentence of life imprisonment.  It is difficult to overstate

ORDER - 5

the value of this concession.  In all probability, it enabled the defendant to avoid a sentence of life imprisonment.

**LOYALTY OF ATTORNEY**

The defendant alleges that his attorney acted disloyally and contrary to his interests by advising him to plead guilty to the conspiracy charge despite the fact the government did not intend to pursue the charge if he proceeded to trial.  He is mistaken.  As explained in the preceding section, his attorney obtained a valuable concession from the government in exchange for his agreement to plead guilty to the conspiracy charge.

**DEFENDANT SUFFERED NO PREJUDICE FROM <u>BLAKELY</u> WAIVER**

At the time the defendant's plea agreement was being negotiated, the Supreme Court had decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but not *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Given the uncertainty that existed at the time, the government insisted upon adding a section entitled "*Blakely* Waiver."  (Plea Agreement, at 32.). The defendant claims his attorney should have objected to this provision.  He is mistaken.  During plea negotiations, the government properly may demand that the defendant waive a constitutional or statutory right as part of the plea agreement as long as the defendant is free to reject the government's demand.  *United States v. Navarro-Botello*, 912 F.3d 318, 321-22 (9th Cir. 1990).  Furthermore, a defendant suffers no prejudice from entering into a plea agreement that requires him to waive a right where the agreement substantially

ORDER - 6

reduces the sentence that he likely would have received had he been convicted by a jury. *Cf. United States v. Baramdyka*, 95 F.3d 840, 842-43, 847 (9th Cir.1996) (waiver of right to appeal), *cert. denied*, 520 U.S. 1132, 117 S.Ct. 1282, 137 L.Ed.2d 357 (1997).

**ABSENCE OF MUTUAL MISTAKE**

The defendant argues that, during plea negotiations, both he and the government were operating under the assumption that the Sentencing Guidelines were binding. He argues that this was a mutual mistake of law that renders his conviction and sentence voidable. He is mistaken. To begin with, the defense of mutual mistake is not available to the defendant. *United States v. Transfiguracion*, 442 F.3d 1222, 1229-30 (9th Cir.2006). Besides, even if it was, there is no reason to think the defendant would have gone to trial had he known the Sentencing Guidelines were advisory. It was not the Guidelines, but 21 U.S.C. § 841(b)(1)(A)(viii), that likely would have required the Court to sentence him to life imprisonment had he gone to trial and the jury convicted him of either Count 2, Count 3, or Count 4.

**IT IS HEREBY ORDERED:**

The defendant's motion to vacate (**Ct. Rec. 76**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this ___8th___ day of February, 2007.

___s/ Fred Van Sickle___
Fred Van Sickle
United States District Judge

ORDER - 7